[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO OPEN (#120)
 FACTS
On January 31, 2000, the plaintiff, Bank United, commenced a foreclosure action against the defendants, Michael Blancato, Keybank USA, William W. Backus Hospital, and Charter Oak Federal Credit Union.[1]
On March 20, 2000, the court, Martin, J., rendered a judgment of strict foreclosure in favor of the plaintiff, with the first law day set for April 17, 2000. On April 14, 2000, the defendant filed a Chapter 13 bankruptcy petition, which stayed the foreclosure judgment. On November 2, 2000, the United States Bankruptcy Court dismissed the bankruptcy CT Page 11187 proceeding and the plaintiff moved to open the judgment of strict foreclosure. On November 27, 2000, the court, Martin, J., opened the judgment of strict foreclosure, setting the new law day for February 5, 2001, and setting February 9, 2001, as the day that title would vest in the plaintiff.
On February 14, 2001, the defendant again filed a Chapter 13 bankruptcy petition and the U.S. Bankruptcy Court, Dambrowski, J., granted a conditional relief from stay to the plaintiff in this case on March 29, 2001, in order to allow the plaintiff to pursue its foreclosure action against the defendant.
On April 4, 2001, the defendant filed a motion to open the judgment of strict foreclosure that was rendered on November 27, 2000. On November 27, 2000, the court sent a notice of the November 27, 2000 judgment to all of the parties and on December 7, 2001, the plaintiff sent notice of the judgment to all of the defendants.
 DISCUSSION
General Statutes § 49-15 provides: "Any judgment foreclosing the title to real estate by strict foreclosure may, at the discretion of the court rendering the same, upon the written motion of any person having an interest therein, and for cause shown, be opened and modified, notwithstanding the limitation imposed by section 52-212a, upon such terms as to costs as the court deems reasonable; but no such judgment shall be opened after the title has become absolute in any encumbrancer." General Statutes § 52-212a provides: "Unless otherwise provided by law and except in such cases in which the court has continuing jurisdiction, a civil judgment or decree rendered in the Superior Court may not be opened or set aside unless a motion to open or set aside is filed within four months following the date on which it was rendered or passed."
The defendant moves to open the judgment of strict foreclosure on the ground that the court should use its equitable powers to open the judgment because (1) the defendant never received notice of the foreclosure proceedings "[d]ue to the fact that defendant's mail has been consistently tampered with and his home burglarized on numerous occasions," and (2) the defendant "was misled into believing that he had until 2/15/2001 to file for bankruptcy protection." (Defendant's motion to reopen judgment, ¶ 3.)
The court does not have the authority to open a judgment of strict foreclosure after the law day has passed and title has vested. NewMilford Saving Bank v. Jager, 244 Conn. 251, 708 Conn. App. 1378 (1998). CT Page 11188 See also GMAC Mortgage Corporation v. Barclay, Superior Court, judicial district of Hartford, Docket No. 5937115 (June 15, 2000, Stengel, J.) (judgment of strict foreclosure could not be opened once title had vested); Bridgeport v. Voll, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 318563 (March 30, 2000, Mottolese,J.) (denying motion to open where title had vested months before motion to open was filed.)
Title vested in the plaintiff on February 9, 2001. Further, the defendant did not move to open the judgment within four months as required by General Statues 52-212a. The court does not have the authority to open the judgment. Therefore, the motion to reopen is denied.
Martin, J.